IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RUDY AND JANET ROSTEET,** | * | CIVIL ACTION NO. _____ |
| **Plaintiffs,** | * | |
| | * | JUDGE JAMES CAIN |
| **VERSUS** | * | |
| | * | MAGISTRATE JUDGE KAY |
| **SAFECO INSURANCE COMPANY** | * | |
| **OF OREGON,** | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, come Complainants, Rudy and Janet Rosteet (hereinafter "Complainants" or "Rosteets"), and file their Complaint against Defendant, Safeco Insurance Company of Oregon, (hereinafter "Defendant" or "Safeco"), respectfully averring as follows:

**I.     PARTIES**

1.     Made Plaintiffs herein are Rudy and Janet Rosteet, persons of the full age of majority and residents of the Parish of Calcasieu, State of Louisiana.

2.     Made Defendant herein is Safeco Insurance Company of Oregon, a foreign insurance company licensed to do business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent of Service of Process: the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Complainants reside in this District and the Property that is subject to the dispute between Complainants and Defendant is located in this District.

## III. RELEVANT FACTS

5. At all times relevant hereto, Complainants owned the property ("The Property") located at the following address: 7594 King Court Street, Lake Charles, Louisiana 70607. At all times relevant hereto, Defendant provided a policy of insurance, Policy Number OF2239941 (the "Policy"), to Complainants which covered the Property against perils including wind, hail, and water.

6. On August 27, 2020, Hurricane Laura damaged the Complainants' Property causing significant damage to and throughout the buildings.

7. In the near aftermath of the Hurricane, Complainants reported their loss to their insurer, Safeco Insurance Company of Oregon, and were assigned claim number 043536558-01.

8. Upon notification of the loss, Defendant inspected the Property, and provided estimates on the claim.

9. On October 9, 2020, Hurricane Delta further damaged the Property.

10. Thereafter, Complainants reported their losses to their insurer, Safeco, but were not assigned a new claim number.

11. Upon notification of the damage, Defendant inspected the Property, and provided estimates on the damage.

12. These estimates, however, grossly underreported the damages to the Property.

13. Safeco's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

14. Once Complainants realized Defendant would not adjust their claim fairly, they hired the independent adjusters of Property Damage Consultants, LLC to inspect the Property and document their findings.

15. On March 25, 2021, they inspected the Property and created a report indicating that the Property had been damaged by Hurricane Laura and an estimate documenting the following amounts required for repair and replacement: 1) $104,512.09 in damage to the dwelling, 2) $89,100.62 in damage to other structures, 3) $875.15 in damage to contents, and 4) $5,955.00 in damage to additional living expenses.

16. On May 21, 2021, a demand for release of unconditional tenders was sent to Safeco, along with the estimate of Property Damage Consultants, LLC, demonstrating the losses documented therein.

17. Despite receiving this proof of loss, Defendant has yet to tender adequate insurance proceeds.

18. Complainants attempted to recover the remaining amount of their damages from Defendant to no avail. Defendant has affirmatively stated that they will pay no more.

19. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Complainants' Property.

20. Upon information and belief, Defendant purposefully and/or negligently failed to timely tender proceeds due Complainants after having received satisfactory proof of loss.

21. Upon information and belief, Defendant purposefully and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

22. Upon information and belief, Defendant conducted the investigation and claims handling for Complainants' claim in bad faith.

23. Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value and over depreciated the losses.

24. Upon information and belief, Defendant purposefully or at least negligently failed to include adequate overhead and profit in its estimates of damages.

25. Complainants have incurred additional expenses in making repairs because Defendant failed to timely compensate them for their losses under the Policy.

26. Complainants incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on their claims under the Policy.

27. Complainants have incurred or may incur additional living expenses as a result of the damages caused to their Property by Hurricanes Laura and Delta, including those additional living expenses that may be incurred during the repair of the Property.

### IV.  CAUSES OF ACTION

#### A.  Breach of Insurance Contract

28. Complainants reallege and re-aver the allegations contained in paragraphs 1-27, above, as if restated herein.

29. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

30. An insurance contract, the Policy, exists between Complainants and Defendant.

31. By purposefully and/or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

32. By purposefully and/or negligently misrepresenting to Complainants the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

33. By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

34. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the insurance contract.

35. By failing to adequately compensate Complainants for the damages to the Property, as required by the Policy, Defendant breached the insurance contract.

36. Complainants have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

37. Complainants reallege and re-aver the allegations contained in Paragraphs 1-36, above, as if restated herein.

38. The actions and/or inactions of Defendant in failing to adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

39. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner that is arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

40. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

41. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

42. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Complainants independently provided documentation of the damages and replacement costs needed.

43. Defendant's misrepresentation of the terms of the Policy was in bad faith.

44. Defendant's failure to pay timely for damages Defendant knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

45. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

## V.   DAMAGES

46. Complainants reallege and re-aver the allegations contained in Paragraphs 1-45, above, as if restated herein.

47. Defendant is liable to Complainants under the following legal theories:

   a. Breach of Contract;

   b. Bad faith claims adjusting practices, including but not limited to, failing to adequately adjust Complainants' claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Safeco knew, or should have known, existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.; and

   c. Negligent claims adjusting practices leading to the incurrence of professional fees.

48. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Consequential Damages;

   d. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

   e. Mental anguish; and

   f. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

49. Complainants request a trial by jury.

**WHEREFORE,** Complainants, Rudy and Janet Rosteet, pray that, Defendant, Safeco Insurance Company of Oregon, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, Rudy and Janet Rosteet, and against Defendant, Safeco Insurance Company of Oregon, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for penalties and attorney fees, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

*/s/ Michael G. Hodgkins*
**VERON, BICE, PALERMO & WILSON, L.L.C.**
Michael G. Hodgkins (#20862)
Jere Jay Bice (#18793)
Peyton F. Pawlicki (#37826)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Phone: (337) 310-1600
Fax: (337) 310-1601
E-mail: mgh@veronbice.com
jay@veronbice.com
peyton@veronbice.com


*/s/ Richard P. Voorhies, III*
**THE VOORHIES LAW FIRM**
Richard P. Voorhies III (#30782)
Michael Lonegrass (#28124)
Energy Centre
1100 Poydras St., Suite 2810
New Orleans, Louisiana 70163

Phone: (504) 875-2223
Fax: (504) 875-4882
E-mail:richard@voorhieslaw.com
mike@voorhieslaw.com

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVE:**

**SAFECO INSURANCE COMPANY OF OREGON**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 Archives Avenue**
**Baton Rouge, Louisiana 70809**